UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE ANDERSON IV,  Case No.
                    HON.
  Plaintiff,        MAG. JUD.

vs.

CITY OF SOUTHFIELD and
ALVIN JENSEN, individually
and in his official capacity,
and jointly and severally,

  Defendants.
_____
GARY T. MIOTKE (P41813)
Attorney for Plaintiff
6828 Park Avenue
Allen Park, MI 48101
(313)-388-4809
gmiotke@miotkelawoffice.com
_____

COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, by and through his attorney, and for his Complaint he states that:

JURISDICTION, PARTIES, VENUE

1. This action arises out of the Plaintiff's employment.

2. Count I is a claim for age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 USC 621 et seq.

3. This Court has jurisdiction over Count I pursuant to 29 USC 626(c).

1

4. Count II is a claim for race and/or color discrimination pursuant to Title VII, 42 USC 2000e <u>et seq.</u>

5. This Court has jurisdiction over Count II pursuant to 42 USC 2000e-5 and 28 USC 1331, 1343.

6. Count III is a claim for retaliation pursuant to Title VII, 42 USC 2000e <u>et seq.</u>

7. This Court has jurisdiction over Count III pursuant to 42 USC 2000e-5 and 28 USC 1331, 1343.

8. Count IV is an action to enforce constitutional and civil rights pursuant to 42 USC 1983.

9. This Court has jurisdiction over Count IV pursuant to 28 USC 1331 and 28 USC 1343(a)(3) and (4).

10. Further, Counts I, II, and III have been properly filed by Plaintiff in this Complaint within 90 days after Plaintiff received a "right-to-sue" letter from the EEOC.

11. This Court has jurisdiction over Count V, Count VI, and Count VII by virtue of the doctrine of supplemental jurisdiction, 28 USC 1367.

12. Plaintiff is a resident of the Township of Redford, County of Wayne, State of Michigan.

13. Plaintiff is an African American, black person who is 55 years of age.

14. Defendant, CITY OF SOUTHFIELD ("City" or "the City") is a Michigan municipal corporation that is an employer with at least 100+ employees that exists by virtue of the laws of the State of Michigan within the Eastern District of Michigan, Southern Division.

15. Defendant, ALVIN JENSEN ("Jensen") is a white person and a resident of a municipality that exists within the Eastern District of Michigan, Southern Division.

16. The events giving rise to this case arose within the Eastern District of Michigan.

## BACKGROUND FACTS

17. Up until in or around August 2021, Plaintiff had been employed by the City in its Department of Public Works with his most recent position being a Water Systems Maintenance Worker III.

18. Plaintiff had also been the president of his union local for many years while so employed and up until in or around August 2021.

19. In his capacity as his union local's president, Plaintiff engaged in 1st Amendment protected speech and association on matters of public concern, namely in complaining about discrimination in the workplace (including discrimination based on race and/or color) and in strongly advocating for his union, its membership, and/or individual union local members.

20. Further, as an individual, Plaintiff engaged in 1st Amendment protected speech and association on matters of public concern as well as in protected speech and activity under Title VII and Michigan's Elliott-Larsen Civil Rights Act by complaining about discrimination in the workplace (including discrimination based on race and/or color).

21. While Plaintiff had been employed by the City in its Department of Public Works, his most recent supervisor was Jensen who was employed as the City's Water Superintendent.

22. Jensen also dealt with the Plaintiff in Plaintiff's role as his union local's president.

23, Thus, the City and Jensen were aware of the Plaintiff's age, race, color, and protected speech and/or activity as described above.

24. Further, Jensen made various, unjustified, negative comments about the Plaintiff which were indicative of Jensen's animus toward the Plaintiff based on the Plaintiff's age, race, color, and/or protected speech and/or activity as described above.

25. In or around August 2021, Plaintiff resigned from his employment with the City after approximately 22 years of employment in the City's Department of Public Works to accept employment with another municipality as its director of public works.

26. At the end of 2022, Plaintiff's employment with the other municipality ended when he was purportedly laid off together with many other employees of the other municipality due to purported financial difficulties.

27. Plaintiff thereafter learned that there was a job opening for a position in the City's Department of Public Works, namely for a Water Systems Maintenance Worker I position.

28. Plaintiff was more than qualified for this position.

29. Approximately in or around January 2023, Plaintiff applied with the City for this Water Systems Maintenance Worker I position.

30. Bizarrely, Plaintiff was informed by the City that the City would not be processing his employment application for this position any further.

31. Just as strangely, the City provided no reason for this action and would not even interview the Plaintiff for this position.

32. Thereafter, the Defendants hired another person to fill this position who was significantly younger than the Plaintiff and who had not engaged in the protected speech, association, and/or activity that the Plaintiff had as described above.

COUNT I: AGE DISCRIMINATION IN VIOLATION OF ADEA

33. The Plaintiff incorporates paragraphs 1 through 32 above by reference.

34. Each Defendant was an "employer" within the meaning of the ADEA.

5

35. Plaintiff was discriminated against by the Defendants in violation of the ADEA because of his age.

36. Specifically, the Defendants refused to consider the Plaintiff for rehire and/or refused or failed to rehire the Plaintiff in the Water Systems Maintenance Worker I position because of his age.

37. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

38. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a) Loss of income;

    (b) Loss of fringe benefits;

    (c) Loss of pension and/or Social Security benefits;

    (d) Severe mental anguish and distress;

    (e) Embarrassment and humiliation;

    (f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

    (g) Fright, shock, and mortification;

    (h) Pain and suffering;

    (i)  Damage to reputation;

    (j) Liquidated damages;

    (k) Punitive damages; and

    (l)  Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

### COUNT II:  RACE AND/OR COLOR DISCRIMINATION IN VIOLATION OF TITLE VII

39. The Plaintiff incorporates paragraphs 1 through 38 above by reference.

40. Each Defendant was an "employer" within the meaning of Title VII.

41. Plaintiff was discriminated against by the Defendants because of his race and/or color in violation of Title VII.

42. Specifically, the Defendants refused to consider the Plaintiff for rehire and/or refused or failed to rehire the Plaintiff in the Water Systems Maintenance Worker I position because of his race and/or color.

43. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

44. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a) Loss of income;

    (b) Loss of fringe benefits;

    (c) Loss of pension and/or Social Security benefits;

    (d) Severe mental anguish and distress;

    (e) Embarrassment and humiliation;

    (f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

    (g) Fright, shock, and mortification;

    (h) Pain and suffering;

    (i) Damage to reputation;

    (j) Liquidated damages;

    (k) Punitive damages; and

    (l) Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive

damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

## COUNT III:  RETALIATION IN VIOLATION OF TITLE VII

45.  Plaintiff incorporates paragraphs 1 through 44 above by reference.

46. Each Defendant was an "employer" within the meaning of Title VII.

47. Title VII prohibits an employer from retaliating and/or discriminating against another person because the other person has opposed any practice made an unlawful employment practice by Title VII, or because the other person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

48. The Defendants violated Title VII by refusing to consider the Plaintiff for rehire and/or refusing or failing to rehire the Plaintiff in the Water Systems Maintenance Worker I position because he had opposed any practice made an unlawful employment practice by Title VII, and/or because he made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

49. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

50. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a) Loss of income;

    (b) Loss of fringe benefits;

    (c) Loss of pension and/or Social Security benefits;

    (d) Severe mental anguish and distress;

    (e) Embarrassment and humiliation;

    (f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

    (g) Fright, shock, and mortification;

    (h) Pain and suffering;

    (i) Damage to reputation;

    (j) Liquidated damages;

    (k) Punitive damages; and

    (l) Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive

damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

## COUNT IV: DEPRIVATION OF THE PLAINTIFF'S FEDERAL CIVIL RIGHTS

51. The Plaintiff incorporates paragraphs 1 through 50 above by reference.

52. This Count is brought pursuant to 42 USC 1983.

53. The adverse action taken by the Defendants against the Plaintiff as noted above was taken under color of state law.

54. The adverse action stemmed from purposeful discrimination, purposeful retaliation, and/or from the City's policy(ies) and/or custom(s). This includes, but is not necessarily limited to, actions taken by Jensen and/or others as the City's final policymaker(s) for purposes of establishing the City's policy(ies) and/or custom(s).

55. The adverse action violated the Plaintiff's 1st Amendment rights to freedom of association, to freedom of speech and/or expression, and/or to petition government for the redress of grievances in that it was done because of the Plaintiff's statements, actions, and/or activities that were protected under the 1st Amendment.

56. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

57. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a) Loss of income;

    (b) Loss of fringe benefits;

    (c) Loss of pension and/or Social Security benefits;

    (d) Severe mental anguish and distress;

    (e) Embarrassment and humiliation;

    (f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

    (g) Fright, shock, and mortification;

    (h) Pain and suffering;

    (i) Damage to reputation;

    (j) Liquidated damages;

    (k) Punitive damages; and

    (l) Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive

damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

## COUNT V: AGE DISCRIMINATION IN VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT ("ELCRA")

58. The Plaintiff incorporates paragraphs 1 through 57 above by reference.

59. Each Defendant was an "employer" within the meaning of the ELCRA.

60. Plaintiff was discriminated against by the Defendants in violation of the ELCRA because of his age.

61. Specifically, the Defendants refused to consider the Plaintiff for rehire and/or refused or failed to rehire the Plaintiff in the Water Systems Maintenance Worker I position because of his age.

62. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

63. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a) Loss of income;

    (b) Loss of fringe benefits;

    (c) Loss of pension and/or Social Security benefits;

    (d) Severe mental anguish and distress;

    (e) Embarrassment and humiliation;

    (f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

    (g) Fright, shock, and mortification;

    (h) Pain and suffering;

    (i) Damage to reputation;

    (j) Liquidated damages;

    (k) Punitive damages; and

    (l) Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

### COUNT VI: RACE AND/OR COLOR DISCRIMINATION IN VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT ("ELCRA")

64. Plaintiff incorporates paragraphs 1 through 63 above by reference.

65. Each Defendant was an "employer" within the meaning of the ELCRA.

66. Plaintiff was discriminated against by the Defendants in the terms and conditions of his employment because of his race and/or color in violation of the ELCRA.

67. Specifically, the Defendants refused to consider the Plaintiff for rehire and/or refused or failed to rehire the Plaintiff in the Water Systems Maintenance Worker I position because of his race and/or color.

68. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

69. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

(a) Loss of income;

(b) Loss of fringe benefits;

(c) Loss of pension and/or Social Security benefits;

(d) Severe mental anguish and distress;

(e) Embarrassment and humiliation;

(f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

(g) Fright, shock, and mortification;

(h) Pain and suffering;

(i) Damage to reputation;

(j) Liquidated damages;

(k) Punitive damages; and

    (l)  Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

### COUNT III:  RETALIATION IN VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT ("ELCRA")

70.  Plaintiff incorporates paragraphs 1 through 69 above by reference.

71. Each Defendant was a "person" within the meaning of the ELCRA.

72. The Defendants violated Section 701 of the ELCRA, specifically MCL 37.2701, by taking the adverse action they did against the Plaintiff as described above.

73. The Defendants violated the ELCRA by taking the adverse action against the Plaintiff as described above because (a) he had engaged in the above protected activity and/or (b) in order to interfere with his exercise or enjoyment of rights granted by the ELCRA.

74. Further, the Defendants did so with malice and/or in reckless disregard of the Plaintiff's rights.

75. As a direct and proximate result of the Defendants' violations of the Plaintiff's rights, Plaintiff has sustained damages including (but not necessarily limited to) the following:

    (a) Loss of income;

    (b) Loss of fringe benefits;

    (c) Loss of pension and/or Social Security benefits;

    (d) Severe mental anguish and distress;

    (e) Embarrassment and humiliation;

    (f) Mental anguish stemming from the outrage he experienced as a result of the actions against him;

    (g) Fright, shock, and mortification;

    (h) Pain and suffering;

    (i) Damage to reputation;

    (j) Liquidated damages;

    (k) Punitive damages; and

    (l) Costs and attorney fees.

WHEREFORE, your Plaintiff respectfully requests this Honorable Court to enter a judgment in his favor against the Defendants, jointly and severally, awarding him an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars to which he is entitled for compensatory, exemplary, liquidated, and punitive

damages; granting him equitable relief; and awarding him costs, interest, and attorney fees so wrongfully incurred.

    DEMAND FOR TRIAL BY JURY IS HEREBY MADE.

DATED: June 11, 2024    /s/ GARY T. MIOTKE
              GARY T. MIOTKE (P41813)
              Attorney for Plaintiff